UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CALEB BROUK, | ) |
| Plaintiff, | ) 2:11-cv-01930-PMP-VCF |
| vs. | ) **ORDER** |
| GRANITE GAMING CROUP I, LLC, *et al.*, | ) |
| Defendants. | ) |

On January 9, 2014, the Court conducted a hearing regarding Plaintiff's Motion In Limine #1 To Preclude Defendants From Arguing For The Use Of The Fluctuating Work Week ("FWW") Method To Calculated The Amount Of Back Overtime Damages (Doc. #78), and Defendants' Countermotion In Limine For Determination Of Proper Method Of Calculation, And To Preclude Testimony Or Argumentation At Trial Regarding Other Purported Methods (Doc. #89).

Essentially, the competing motions in limine filed by the Parties reflect their disagreement regarding the proper method of calculating overtime back pay to which Plaintiff may be entitled depending upon factual determinations made at trial. Plaintiff's motion over-reaches by asking that Defendants be precluded "from arguing for the use of the fluctuating work week method." This the Court will not do. Counsel for both Parties will remain free to argue to the Court, and outside the presence of the jury, whether the fluctuating work week method of calculation is appropriate, or some other method of

calculation should be utilized.  Additionally, the motions of both Parties and their arguments make it clear that precisely how overtime back pay should be calculated will be dependent upon certain factual determinations made by the jury, or by the Court, at trial.  As a result, the Court concludes that the relief requested by both Plaintiff and Defendants is not amenable to In Limine relief in advance of trial.  Accordingly,

**IT IS ORDERED** that Plaintiff's Motion In Limine #1 (Doc. 78) and Defendants' Motion In Limine (Doc. #89) are DENIED without prejudice to renew the arguments asserted therein at the time of trial and in the context of the evidence adduced at that time.

DATED: January 15, 2014.

PHILIP M. PRO
United States District Judge

2